UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

No. 23-14007-G

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

TODD HARBUCK,

Defendant-Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
CASE NO. 1:23-cr-0019

---

BRIEF OF APPELLANT

---

RICHARD H. GOOLSBY
Attorney for Appellant
GA Bar No. 301925
The Goolsby Law Firm, LLC
233 Davis Road, Suite C
Augusta, Georgia 30907
(706) 863-5281
rgoolsby@goolsbylawfirm.com

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,  )
  )
    Appellee,  )
  )  No. 23-14007-G
V.  )
  )
TODD JOSEPH HARBUCK,  )
  )
    Appellant.  )

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

COMES NOW the Defendant, Todd Harbuck, by and through his counsel,

Richard H. Goolsby, and files this Certificate of Interested Persons and Corporate

Disclosure Statement pursuant to 11th Circuit Rule 26.1 as follows:

Epps, Honorable Brian K.

Goolsby, Richard H.

Hall, Honorable J. Randal

Harbuck, Todd Joseph

Johnson, Jeremiah L.

Loebl, Michael N.

N.B., victim

Rhodes, Patricia Green

C-1 of 2

Steinberg, Jill E.

Stuchell, James C.

W.A., victim

No publicly traded company or corporation has an interest in the outcome.

This <u>29th</u> day of February, 2024.

*/s/ Richard H. Goolsby*

Richard H. Goolsby
Attorney For Defendant
Georgia Bar No. 301925
The Goolsby Law Firm LLC
233 Davis Road, Suite C
Augusta, GA 30907
rgoolsby@goolsbylawfirm.com

## STATEMENT REGARDING ORAL ARGUMENT

Under the standards enunciated in Fed.R.App.P. 34(a)(2), the Defendant requests oral argument in this case and submits that the decisional process would be significantly aided by oral argument.

i

## TABLE OF CONTENTS

Certificate of Interested Persons

and Corporate Disclosure Statement………………………………….. C-1-2

Statement Regarding Oral Argument………………………………….. i

Table of Contents……………………………………………………..... ii-iii

Table of Authorities…………………………………………………… iv-vi

Statement of Jurisdiction……………………………………………… 1

Statement of the Issues………………………………………………… 1

Statement of the Case………………………………………………..... 2-5

    1. Course of Proceedings and Disposition in the Court Below………. 2

    2. Statement of the Facts………………………………………………3-5

    3. Statement of the Standard of Review………………………….......5

Summary of the Argument……………………………………………….5-7

Argument and Citation of Authority……………………………………7-28

    I.    The district court erred by finding the Defendant to be an
Armed Career Criminal based in part upon a prior South
Carolina conviction which contained recklessness as
an alternative means……………………………………………..7-24

        A. Introduction……………………………………………………..7-11

        B. Common law "malice aforethought" does not rule out
Recklessness…………………………………………………….11-16

        C. The Shepard documents do not rule out recklessness…….16-19

ii

D. Answering <u>Borden</u>'s "Open Question:" Extreme
recklessness requires proof of targeting.................19-24

II.    The district court erred by finding that the Defendant's prior
South Carolina conviction was a "violent felony" even though
the South Carolina courts and legislature had determined the
offense to be both non-violent and a misdemeanor..............24-26

III.    The section 924(e) elements clause is unconstitutionally
void for vagueness as applied to this case........................26-28

Conclusion...................................................................................28

Certificate of Service.......................................................................29

iii

## TABLE OF AUTHORITIES

<u>CASES</u>:

<u>Alvarado-Linares v. United States</u>, 44 F.4th 1334 (11th Cir. 2022)……….. 20

<u>Berness v. State</u>, 38 Ala. App. 1, 83 So.2d 607, affirmed 263 Ala. 641, 83 So.2d 613 (1953)……………………………………………………………………14

*<u>Borden v. United States</u>, 141 S.Ct. 1817, 1822 (2021)……………..9-11, 18-22

<u>City of Chicago v. Morales</u>, 527 U.S. 41, 58, 119 S.Ct. 1849 (1999)………27

<u>Cockrell v. State</u>, 135 Tex. Crim. R., 117 S.W.2d 1105 (1938)…………….14

<u>Connally v. General Constr. Co</u>, 269 U.S. 385, 391 (1926)…………………27

<u>Giaccio v. Pennsylvania</u> , 382 U.S. 399, 403, 86 S.Ct. 518 (1966)…….........27

<u>Janis v. United States</u>, 73 F.4th 628, 632-35 (8th Cir. 2023)…………….…..23

<u>Johnson v. United States</u>, 130 S.Ct. 1265, 1269 (2020)……………………..24

*<u>Johnson v. United States</u>, 576 U.S. 591, 595, 135 S.Ct. 2551 (2015)…..26-27

<u>Owen v. State</u>, 188 Tenn. 459, 221 S.W.2d 515 (1949)……………………….14

*<u>Shepard v. United States</u>, 544 U.S. 13, 16, 125 S.Ct. 1254, 1257 (2005)…4, 6, 9-10, 15-19, 21-22

<u>Shular v. United States</u>, 140 S.Ct. 779, 783 (2020)………………………..9-10

<u>Simmons v. State</u>, 264 S.C. 417, 427-29, 215 S.E.2d 883 (1975)…………14-15

<u>State v. Burdette</u>, 427 S.C. 490, 832 S.E.2d 575 (2019)………………….…..13

<u>State v. Fennell</u>, 340 S.C. 266, 531 S.E.2d 512 (2000)………………………14

<u>State v. Glenn</u>, 328 S.C. 300, 492 S.E.2d 393 (S.C. Ct. App. 1997)…………..14

iv

\*<u>State v. Mims</u>, 286 S.C. 553, 335 S.E.2d 237 (1985)...........................4, 24

\*<u>State v. Mouzon</u>, 231 S.C. 655, 662, 99 S.E.2d 672 (1957)......10-12, 14, 15, 23

<u>State v. Reid</u>, 324 S.C. 74, 476 S.E.2d 695 (1996).........................12, 20, 23

<u>State v. Sutton</u>, 340 S.C. 393, 396, 532 S.E.2d 283, 285 (2000)..................14

<u>State v. Trott</u>, 190 N.C. 674, 130 S.E. 629 (1925)..............................12, 14

<u>State v. Webb</u>, 301 S.C. 66, 389 S.E.2d 664 (1990).......................12, 20, 23

<u>State v. Wilds</u>, 355 S.C. 269, 584 S.E.2d 138 (Ct. App. 2003)....................14

<u>Taylor v. United States</u>, 495 U.S. 575, 110 S.Ct. 2143, (1990).....................9

<u>United States v. Begay</u>, 33 F.4th 1081, 1093-95 (9th Cir. 2022) (en banc)........22

<u>United States v. Burke</u>, (22-11682 11th Cir. June 26, 2023)..........................16

<u>United States v. Carter</u>, 7 F.4th 1039 (11th Cir. 2021)..................................11

<u>United States v. Dinkins</u>, 714 F. App'x 240 (4th Cir. 2017)............................18

<u>United States v. Gary</u>, 74 F.4th 1332(11th Cir. 2023).................................9, 10

<u>United States v. Gonzalez</u>, 550 F.3d 1319 (11th Cir. 2008)...........................23

<u>United States v. Harris</u>, No. 17-1861 (3d Cir. Dec. 14, 2023).......................27

<u>United States v. Jackson</u>, 36 F.4th 1294 (11th Cir. 2022)..............................27

<u>United States v. Jamison</u>, 22-1840 (6th Cir. Oct 26, 2023)............................23

<u>United States v. Kepler</u>, 74 F.4th 1292 (10th Cir. 2023)...............................22

\*<u>United States v. Lung'aho</u>, 72 F.4th 845 (8th Cir. 2023)...........................19-23

<u>United States v. Manley</u>, 52 F.4th 143, 150-51 (4th Cir. 2022).......................22

*United States v. McCloud, 818 F.3d 591 (11th Cir. 2016)………9, 16, 18, 19, 24

United States v. Moss, 930 F.3d 752 (11th Cir. 2019)………………………………11

United States v. Penn, 63 F.4th 1305, 1309 (11th Cir. 2023)………………......11

United States v. Sharp, 21 F.4th 1282 (11th Cir. 2021)…………………………5, 8

United States v. Smith, 20-12609, 20-12773 (11th Cir. Feb 09, 2023)………....19

United States v. Sneed, 600 F.3d 1326 (11th Cir. 2010)…………………………9

United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010)…………………5, 27

Wells v. State, 210 Ga. 422, 80 S.E.2d 153 (1954)………………………………14

STATUTES:

SC Stat. §§ 16-1-60, 70……………………………………………………4, 25, 26

18 U.S.C. §922(g)…………………………………………………………2, 8

18 U.S.C. §922(j)…………………………………………………………..2

18 U.S.C. §924(c)………………………………………………………..22-23

18 U.S.C. §924(e)………………………………………2, 6, 8, 9, 11, 26-28

TREATISES AND OTHER AUTHORITIES:

Lafave, Criminal Law, 779-785 (5th ed. 2010)…………………………………13

*McAnich, Fairy & Coggiola, The Criminal Law of South Carolina
(6th ed. 2013)………………………………………………………...13-15, 17-18

Model Penal Code §2.02(2)(c)……………………………………………………13

## STATEMENT OF JURISDICTION

The Defendant Todd Harbuck entered a guilty plea to count one of the indictment. (Doc 1, 31) Following sentencing, the district court entered a judgment on December 7, 2023. (Doc 48). This Court has jurisdiction of this appeal under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I.    Whether the district court erred by finding the Defendant to be an Armed Career Criminal based in part upon a prior South Carolina conviction which contained recklessness as an alternative means?

II.    Whether the district court erred by finding that the Defendant's prior South Carolina conviction was a "violent felony" even though the South Carolina courts and legislature had determined the offense to be both non-violent and a misdemeanor?

III.    Whether the section 924(e) elements clause is unconstitutionally void for vagueness as applied to this case?

## STATEMENT OF THE CASE

### 1. <u>Course of Proceedings and Disposition in the Court Below</u>

This case originated in the Southern District of Georgia with a two-count indictment charging the Defendant, Todd Harbuck, (hereinafter "Harbuck"), with felon in possession, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e), and possession of a stolen firearm, in violation of Title 18, United States Code, Section 922(j). (Doc 1)[1] Pursuant to a plea agreement, Harbuck entered a guilty plea to count one, i.e. the felon in possession count. (Doc 31, 32) The District Court sentenced him, in accordance with the Armed Career Criminal Act, (hereinafter "ACCA"), Title 18, United States Code, Section 924(e), to a prison term of 188 months, along with a $1500 fine and 5 years on supervised release. (Doc 48) The Court also revoked a prior term of supervised release on another case and sentenced Harbuck to another 24 months, to run consecutively to the 188-month sentence. (Doc 48) The undersigned was appointed by the Court to represent Harbuck. (Doc. 55) Harbuck is presently incarcerated. (Doc 42) A timely notice of appeal was filed. (Doc 50) This appeal follows.

---

[1] References to the record will be designated as ("Doc _ - Pg _")

## 2. __Statement of the Facts__

The District Court's sentencing under the ACCA was based upon three prior convictions, which the Court determined to be prior "violent felonies." (Doc 57 – Pg 21) These predicate offenses included a prior obstruction of an officer conviction in 2000, a terroristic threats conviction in 2000, and a 2008 South Carolina conviction for an assault with intent to kill, (hereinafter "AWIK"). (Doc 32) This appeal focuses only on the nature of this prior 2008 South Carolina AWIK conviction.

The limited facts known about this prior South Carolina conviction are as follows:  In 2008, while law enforcement officers chased Harbuck in a stolen jeep, Harbuck, while driving, fired a handgun out the jeep window. (Doc 38 – Pg ) Although the indictment alleged Harbuck shot at officers with "malice aforethought," there is no allegation or evidence that anyone or anything was hit, or even nearly hit. (Doc 1, Doc 57- Pg 5-6) At sentencing, the government essentially argued that "malice aforethought" included only intentional acts, but Harbuck maintained that it can also include "recklessness." (Doc 57 – Pg 5, 14) Moreover, at sentencing, the government offered no evidence, (other than the indictment language), to contradict Harbuck's assertion that it was a reckless act. (Doc 57 – Pg 13-15) As to this offense, in 2008, Harbuck was originally charged in warrants with the South Carolina offense of assault *and battery* with intent to kill,

3

(ABIK), but, ultimately, he entered a guilty plea to an indictment charging him with four counts of the lesser offense of AWIK. (Doc 44) At sentencing, the government offered only the charging and sentencing documents for this prior offense, but they failed to produce any other <u>Shepard</u> documents, such as a transcript of the plea colloquy, or any other extrinsic evidence of the plea agreement. (Doc 57 – Pg 13-15)

    In 2010, the State of South Carolina codified a number of its criminal offenses in a new statutory scheme. <u>See</u> McAnich, Fairy & Coggiola, <u>The Criminal Law of South Carolina</u>, Pg 236 (6th ed. 2013).  But prior to 2010, in 2008, when this prior AWIK offense occurred, South Carolina still utilized the common law for its assault offenses. <u>Id</u>.  The South Carolina legislature also excluded AWIK from its list of "violent crimes" for the State.  <u>See</u> SC Stat. 16-1-60 (2008). Although the South Carolina Supreme Court held that the common law offense of AWIK was punishable by up to ten years, it also determined that the offense was a misdemeanor. <u>State v. Mims</u>, 286 S.C. 553, 335 S.E.2d 237 (1985).  Harbuck was sentenced in 2008 on four counts charging this prior AWIK offense, along with other charges, to a total term of 23 years in prison. (Doc 44)  On the face of each of the four sentencing documents for these four AWIK charges, the South Carolina sentencing judge checked, (or approved), that the charge was a "non-violent" offense. (Doc 44) In spite of the South Carolina Supreme Court's determination

4

that this was a common law misdemeanor, and even though the South Carolina state legislature and sentencing judge determined that it was a "non-violent" offense, at sentencing in this case, the government relied almost exclusively on the South Carolina indictment form language, which included the words "intent to kill" with "malice aforethought," to sustain its position that this offense was a prior "violent felony" for armed career criminal purposes.  (Doc 57 – Pg 13-15)  The court below, while acknowledging it to be a "close call," found that the South Carolina offense was a "violent felony." (Doc 57 – Pg 21) However, in South Carolina, in 2008, common law "malice aforethought" included recklessness.

### 3.  <u>Statement of the Standards of Review</u>

This Court reviews *de novo* whether a prior conviction is a predicate offense within the meaning of the ACCA.  <u>See e.g.</u> <u>United States v. Sharp</u>, 21 F.4th 1282 (11th Cir. 2021).

This Court also employs a *de novo* standard of review for challenges to the constitutionality of a statute.  <u>See e.g.</u> <u>United States v. Wright</u>, 607 F.3d 708, 715 (11th Cir. 2010).

### SUMMARY OF THE ARGUMENT

The district court erred in utilizing a 2008 South Carolina AWIK conviction as an ACCA predicate, because it was a common law offense which can include recklessness as an alternative means of committing it.  The Supreme Court held

that a criminal offense which includes recklessness as an alternative means of committing it cannot be a Section 924(e) predicate. The Court also indicated that one must examine the statute of conviction to determine if recklessness is included. In this case, because in 2008 South Carolina utilized the common law, one must examine the common law to make this determination. At sentencing, the government argued that malice aforethought meant only intentional acts were included. But the government was incorrect. Overwhelming authority supports the principle that common law malice aforethought can include both intentional and reckless acts. The government failed to meet its burden of proving the nature of this prior offense. In this case, the limited <u>Shepard</u> documents produced by the government, (i.e. only the indictment and sentencing sheets), do not eliminate the alternative that Harbuck's firing a gun out a car window during a high-speed police chase was evidence of recklessness of the lives and safety of others, and was not targeted at any officer. The government failed to meet its burden of proving targeting. Therefore, the AWIK offense cannot serve as an ACCA predicate.

The district court also erred in finding his prior 2008 South Carolina conviction to be a "violent felony," because, according to South Carolina authorities, it was neither "violent" nor a "felony." On the face of each of the AWIK sentencing documents, the sentencing court checked (or approved) that the charge was a "non-violent" offense. In addition, this offense was not included in a

6

statutory list of offenses deemed to be "violent crimes." The government argued in the court below that the legislative list was not in effect at the time of Harbuck's conviction. It was. Moreover, the South Carolina Supreme Court had held that, even though this common law offense was punishable by up to ten years in prison, it was nonetheless a misdemeanor. Thus, both the South Carolina Supreme Court *and* the South Carolina Legislature, along with the South Carolina sentencing judge, had all determined that the assault offense was either non-violent or a misdemeanor. Accordingly, this prior conviction was not a "violent felony."

Finally, Harbuck maintains that, as applied in this case, the Section 924(e) elements clause is void for vagueness. The Constitution requires a criminal statute to provide fair notice of what the law forbids. In this case, to allow this common law AWIK offense to be used years later as a prior "violent felony," after it had been determined by the South Carolina Supreme Court to be a misdemeanor, and by both the South Carolina sentencing judge and the legislature to be non-violent, fails to provide such notice and violates due process.

## ARGUMENT AND CITATION OF AUTHORITIES

## I. THE DISTRICT COURT ERRED BY FINDING THE DEFENDANT TO BE AN ARMED CAREER CRIMINAL BASED UPON A PRIOR SOUTH CAROLINA CONVICTION BECAUSE THE OFFENSE CONTAINED RECKLESSNESS AS AN ALTERNATIVE MEANS

### A. INTRODUCTION

Harbuck first submits that the District Court erred by finding his 2008 South Carolina AWIK conviction was a prior "violent felony" for ACCA purposes. (Doc 57 – Pg 21). This Court reviews *de novo* whether a prior conviction is an ACCA predicate offense. See e.g. United States v. Sharp, 21 F.4th 1282 (11th Cir. 2021).

The ACCA provides in material part that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions…for a *violent felony…* committed on occasions different from one another, such person shall be fined under this title and imprisoned not less that fifteen years…. Title 18, U.S.C. §924(e) (emphasis added). In this case, as part of the plea agreement with the government to plead guilty to a section 922(g) count, Harbuck acknowledged that he had the following three prior convictions for crimes committed on occasions different from one another:

(1) Obstruction of a Law Enforcement Officer, (00-RCCR-1219), Richmond County, Georgia, Offense date: July 12, 2000, Conviction date: December 28, 2000);

(2) Aggravated Assault, (00-RCCR-157), Richmond County, Georgia, Offense date: December 30, 1999, Conviction date: September 6, 2000;

(3) Assault with Intent to Kill, (AWIK), (General Sessions Court 08GS-35-345 through 08GS-35-353), McCormick County, South Carolina; Offense date: July 20, 2008, Conviction date: November 6, 2008. (Doc 32)

8

Again, this South Carolina AWIK conviction is the only prior offense at issue in this appeal. Without this third conviction for an alleged prior "violent felony," Harbuck would not be an armed career criminal. See §924(e).

It is well established that, in determining whether a defendant's prior conviction qualifies as a violent felony, courts employ a "categorical approach," in which they look "only to the statutory definitions of the prior offenses," rather than the underlying facts of the prior conviction. Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, (1990); Shular v. United States, 140 S.Ct. 775, 783 (2020); United States v. Sneed, 600 F.3d 1326 (11th Cir. 2010); United States v. Gary, 74 F.4th 1332(11th Cir. 2023). If the least serious conduct criminalized by the statute does not necessarily involve "the use, attempted use, or threatened use of physical force," then the statute of conviction does not categorically match the federal standard. Borden v. United States, 141 S.Ct. 1817, 1822 (2021); Gary, supra, 74 F.4th at 1334. In addition to examining the statutory definitions of the prior offenses, to determine the nature of a prior conviction, the district court also examines the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254 1257 (2005). United States v. McCloud, 818 F.3d 591 (11th Cir. 2016). These documents are known as the "Shepard documents." See, e.g. McCloud, Id.; Shular v. United

9

States, 140 S.Ct. 775, 783 (2020); <u>United States v. Gary</u>, 74 F.4th 1332 (11th Cir. 2023). Based upon these documents, the government bears the burden of proving, by a preponderance of evidence, that the defendant meets the criteria of an armed career criminal. <u>See</u> e.g. <u>McCloud, Id</u>. In this case, the government failed to prove, with very limited <u>Shepard</u> documents, the true nature of this prior AWIK conviction. <u>See Shepard</u>, 544 U.S. supra, at 16, 125 S.Ct. at 1257; <u>McCloud, supra</u>, 818 F.3d at 595.

Admittedly, at first blush, on its face, the AWIK indictment would technically appear to charge a violent felony, because it contains the elements and form language that Harbuck did assault with "intent to kill" and with "malice aforethought." (Doc 44) Indeed, at sentencing, the government relied almost exclusively on the indictment form language, which includes a *mens rea* of malice aforethought, to sustain its burden of proof that this must categorically be a "violent felony." (Doc 57 – Pg 13-15)

However, Harbuck maintains that the government failed to take into account South Carolina common law, which, as further discussed below, includes recklessness, within malice aforethought, as an alternative *mens rea*. <u>State v. Mouzon</u>, 231 S.C. 655, 662, 99 S.E.2d 672 (1957). In <u>Borden v. United States</u>, 141 S.Ct. 1817 (2021), the Supreme Court held that a criminal offense which includes recklessness as an alternative means of committing it cannot be a

10

predicate offense under Section 924(e). Only purposeful, or intentional, acts will suffice. Borden Id. at 1825; See United States v. Carter, 7 F.4th 1039 (11th Cir. 2021); United States v. Moss, 930 F.3d 752 (11th Cir. 2019). The Court in Borden also indicated that one must first examine the statute of conviction to determine if recklessness is included. Borden, supra at 1825. If the "least culpable" of the acts criminalized contains recklessness, then it cannot serve as an ACCA predicate. Borden, supra at 1825.

### B.  COMMON LAW "MALICE AFORETHOUGHT" DOES NOT RULE OUT RECKLESSNESS

As a starting point, because in 2008 the State of South Carolina still utilized the common law for assault offenses, one must examine the common law (at the time of conviction) to make this determination. See United States v. Penn, 63 F.4th 1305, 1309 (11th Cir. 2023). Harbuck maintains that, because common law malice aforethought in South Carolina included recklessness as an alternative means of committing this offense, under Borden, it cannot be a predicate crime. Mouzon, supra, 231 S.C. at 662. Put another way, because this common law AWIK offense could be committed with a *mens rea* of recklessness, and, as set forth below, because the Shepard documents do not eliminate it as an alternative, it cannot categorically match the federal standard and serve as an ACCA predicate. Borden, supra, at 1825.

At sentencing, in the court below, the government argued essentially that, because this AWIK indictment alleged malice aforethought, it automatically includes an intentional act. (Doc 57 – Pg 14). In short, again, the government asserted that all AWIK offenses should "categorically" qualify as violent felonies. (Doc 57 – Pg 14). In the government's view, malice aforethought "cannot be met with an intent [sic] of recklessness." (Doc 57 - Pg 14). But the government was incorrect. It is well established that, at common law, in South Carolina, malice aforethought could include either intentional *or* reckless acts. As the Supreme Court of South Carolina concluded in one case, "[m]alice does not necessarily mean an actual intent to take human life...as when an act which imports danger to another is done so recklessly or wantonly as to manifest depravity of mind and disregard of human life." State v. Mouzon, supra, 231 S.C. at 662, [quoting State v. Trott, 190 N.C. 674, 130 S.E. 629 (1925)]. Likewise, in State v. Reid, 324 S.C. 74 (1996), [affirmed in part, reversed in part on other grounds], another high-speed police chase case, which is factually similar to the present case, the South Carolina Supreme Court again observed that, in some cases, reckless driving may suffice and constitute evidence of malice. See State v. Webb, 301 S.C. 66, 389 S.E.2d 664 (1990). As the South Carolina Supreme Court concluded in Mouzon, supra, 231 S.C. at 662, the defendant's drunkenness and high speed, when his automobile struck and killed a woman, along with other facts, provided clear evidence of "a

12

general malignant recklessness of the lives and safety of others." But see State v. Burdette, 427 S.C. 490, 832 S.E.2d 575 (S.C. 2019), (in South Carolina, in some murder cases, a jury may no longer be instructed to infer the existence of malice from the defendant's use of a deadly weapon).

In addition, a leading treatise on the history of South Carolina common law provides strong support for the proposition that malice aforethought in South Carolina included such recklessness and was not categorically limited to intentional assaults or killings, as the government alleged. McAnich, Fairy & Coggiola, The Criminal Law of South Carolina, pp. 7, 11, 15, 102, 155 (6th ed. 2013) (hereinafter "The Criminal Law"). "Such cases typically involve both creation of an extremely high degree of risk of death or serious bodily harm and a conscious disregard of that risk." Id. at 15. See also Lafave, Criminal Law, 779-785 (5th ed. 2010); Model Penal Code §2.02(2)(c). "Cases of this type are often referred to as representing a 'depraved heart' state of mind." The Criminal Law, at 15. Thus, at common law, malice is not limited to intentional assaults or killings, but also includes those committed with a reckless or "malignant heart." In short, in South Carolina, according to the leading treatise, "malice in assault and battery with intent to kill is not limited to situations in which the actor's purpose was to kill, *in spite of the name of the offense.*" The Criminal Law supra, at 3, 7, 15, 255-56. (Emphasis added). In other words, the phrase "intent to kill" simply requires

13

malice, which can include recklessness. The Criminal Law, supra, at 3; See e.g. State v. Fennell, 340 S.C. 266, 531 S.E.2d 512 (2000); State v. Glenn, 328 S.C. 300, 492 S.E.2d 393 (S.C. Ct. App. 1997); State v. Wilds, 355 S.C. 269, 584 S.E.2d 138 (Ct. App. 2003); State v. Sutton, 340 S.C. 393, 396, 532 S.E.2d 283, 285 (2000). (These cases include the charge of assault and battery with intent to kill, rather than assault with intent to kill, but the *mens rea* of malice aforethought was the same and recklessness was included). The Criminal Law, supra.

Numerous cases from other jurisdictions also follow this same analysis and conclusion found in the South Carolina case law and the leading treatise that, at common law, malice aforethought can include recklessness. See e.g. Mouzon, supra, 231 S.C. at 662-63, citing: State v. Trott, 190 N.C. 674, 130 S.E. 627 (1924); Cockrell v. State, 135 Tex. Crim. R., 117 S.W.2d 1105 (1938); Berness v. State, 38 Ala. App. 1, 83 So. 2d 607, affirmed 263 Ala. 641, 83 So.2d 613 (1953); Owen v. State, 188 Tenn. 459, 221 S.W.2d 515 (1949); Wells v. State, 210 Ga. 422, 80 S.E.2d 153 (1954). Cases with a *mens rea* of recklessness may not be as common as cases involving purposefulness or intention. Moreover, Harbuck acknowledges that some courts have been critical of murder charges based upon malice aforethought involving recklessness in the operation of a vehicle. See e.g. Simmons v. State, 264 S.C. 417, 427-29, 215 S.E.2d 883 (1975) (Ness, J., dissenting); The Criminal Law, supra, at 15. However, the key point is that, at

14

common law, in South Carolina, malice aforethought included recklessness as an alternative.  See Mouzon, supra.

In sum, at sentencing, the government argued erroneously that this AWIK offense included only intentional acts and was "categorically" a predicate.  (Doc 57 – Pg 14).  The case law and leading treatise conclusively show that malice in South Carolina common law is not limited to intentional acts, but also can include, as in this case, acts committed with a reckless or "malignant heart."  The Criminal Law, supra, at 7, 15.  Therefore, unless the Shepard documents definitively rule out recklessness in this case, the government cannot meet its burden of proof and this AWIK conviction cannot support an armed career criminal conviction.

Before examining the limited Shepard documents, Harbuck points out that, at sentencing, the government produced no plea agreement, no transcript of a plea colloquy, including a factual basis, nor any other extrinsic evidence to show the mens rea, so, it is just as logical, or more so, to conclude that this is a "reckless" or "malignant heart" case, like other high speed/police chase cases around the country. (Doc 57 – Pg 13-15). See Mouzon, supra.  Common law AWIK charges are unique in the sense that the same indictment form language, i.e. in the term "malice aforethought," can contain and refer to either mens rea, i.e. intentional or reckless acts.  The Criminal Law, supra, at 7.  In short, in this case, malice

subsumes recklessness.  In addition, as discussed below, in this case, the <u>Shepard</u> documents do not rule it out, either.

## C.  THE SHEPARD DOCUMENTS DO NOT RULE OUT RECKLESSNESS

As previously indicated, under the categorical approach, in addition to examining the statute of conviction, the courts also examine the <u>Shepard</u> documents to determine whether the offense qualifies as an armed career criminal predicate.  <u>See</u> <u>United States v. Burke</u>, (22-11682 11th Cir. June 26, 2023); <u>Shepard v. United States</u> 544 U.S. 13, 26 (2005), [holding that when conducting inquiries related to the nature of a prior conviction, courts are generally limited to examining the statutory definition of the offense and the <u>Shepard</u> documents, i.e. charging instruments, terms of a plea agreement, or "transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record"].  It is also well established that the government bears the burden of proving, by a preponderance of evidence, that the <u>Shepard</u> documents show that the defendant is an armed career criminal.  <u>See</u> <u>Shepard</u>, <u>Id.</u>; <u>United States v. McCloud</u>, 818 F.3d 591 (11th Cir. 2016).  In this case, the government failed to meet its burden.  Again, the government relied upon the mistaken assumption that all AWIK cases "categorically qualify as violent felonies." (Doc 57 – Pg 13-15). As a result, only limited <u>Shepard</u> documentation was produced, i.e. no transcript of the plea colloquy, no plea agreement, nor any

16

other extrinsic evidence was produced at sentencing in this case. (Doc 57 – Pg 13-15).  Instead, the government produced only the indictments and sentencing sheets. (Doc 57 – Pg 13-15)  Each of the AWIK indictments, (one charge for each officer assaulted), alleged, in material part, that Harbuck did "unlawfully with malice aforethought commit an assault with intent to kill upon one Officer, [whose name is alleged here], in that the defendant … "did fire a 9mm pistol at [the officer] while [s]he was in pursuit of the defendant."  (Doc 44) In addition, on each sentencing sheet, the sentencing judge checked, (or approved), that the AWIK conviction was a "non-violent" offense.  (Doc 44).

At sentencing, the government also offered no real, factual rebuttal to Harbuck's statement to the Court in which he acknowledged his act was reckless. (Doc 57 – Pg 5-6, 13-15) But, more properly, simply considering only the Shepard documents in this case does not rule out recklessness, either.  In other words, nothing in the limited Shepard documents in this case conclusively shows, or even hints at, whether Harbuck, with malice aforethought, *intended* to assault particular police officers, during a high-speed chase, as opposed to wantonly or *recklessly* firing a gun at them, or out of the car window. (Doc 44, 57 – Pg 13-15). Again, at common law, both *mens rea* are candidates for inclusion in malice aforethought, "in spite of the name of the offense." The Criminal Law, supra, at 7.  In other

17

words, the form language alone of "intent to kill" is not determinative. The Criminal Law, supra, at 7.

Therefore, because the limited Shepard documents do not eliminate a *mens rea* of recklessness, and because the district court in this case accepted the government's faulty analysis that all AWIK cases "categorically" are ACCA predicates, Harbuck concludes that, under McCloud, supra, and Borden, supra, the government failed to meet its burden and the district court erred by finding that the AWIK offense was a prior "violent felony" for ACCA purposes. (Doc 57 – Pg 13-15, 21).

The government's erroneous theory, i.e. that all AWIK cases include only malicious intent and should "categorically" be found to be predicates, is also illustrated by its mistaken reliance, at sentencing, upon cases such as United States v. Dinkins, 714 F. App'x 240 (4th Cir. 2017). (Doc 57 – Pg 14). Dinkins, Id., involved a different predicate offense: the South Carolina common law offense of assault *and battery* with intent to kill. Dinkins, Id. is factually distinguishable. The court there found that, in committing the ABIK offense, the defendant had "intentionally performed an act capable of causing death." Id. In this case, on the other hand, the government failed even to recognize, that, for AWIK offenses, malice aforethought can include either intentional acts or reckless ones. (Doc 57 – Pg 14).

18

This case is more similar to United States v. McCloud, 818 F.3d 591 (11th Cir. 2016), where this Court held that the government failed to carry its burden of proving, by producing Shepard documents, that the defendant's three prior robbery convictions occurred on separate occasions.  In this case, the government failed even to prove, with the limited Shepard documents, the nature of the prior AWIK conviction.  See Shepard, supra, 544 U.S. at 16, 125 S.Ct. at 1257; McCloud, supra, 818 F.3d at 591; United States v. Smith, 20-12609, 20-12773 (11th Cir. Feb 09, 2023), (where this Court recently held that, because the government failed to produce Shepard documents, the Court must assume a prior aggravated assault conviction was based upon the least of the acts criminalized).

## D. ANSWERING BORDEN'S "OPEN QUESTION:" EXTREME RECKLESSNESS REQUIRES PROOF OF TARGETING

In addition, Harbuck acknowledges that, in Borden, supra, 141 S.Ct. at 1825 n.4, the Supreme Court left open the question about whether a *mens rea* of "extreme recklessness" could constitute a crime of violence.  Harbuck submits the key to answering this open question lies in whether or not there is sufficient proof that targeting was involved.  In short, the plurality opinion in Borden indicated that there must be proof of targeting, i.e. the conduct must be "consciously directed" at someone for extreme recklessness to suffice.  Borden, supra 141 S.Ct. at 1826; United States v. Lung'aho, 72 F.4th 845, 849-50 (8th Cir. 2023).

19

This Court has not faced this question in this context. In <u>Alvarado-Linares v.</u> <u>United States</u>, 44 F.4th 1334 (11th Cir. 2022), this Court held that Georgia's malice murder statute suffices because it automatically includes an intent to kill, which goes beyond recklessness. Harbuck maintains that <u>Alvarado-Linares</u>, <u>Id</u>., is thus distinguishable from this case, because malice murder, unlike common law assaults, always includes targeting. On the other hand, malice aforethought in South Carolina's common law high speed, police chase, and drunk driving cases swept more broadly to include extreme recklessness without necessarily involving targeting. See <u>e.g</u>. <u>Mouzon</u>, <u>supra</u>, <u>Webb</u>, <u>supra</u>, and <u>Reid</u>, <u>supra</u>.

The Eighth Circuit has recently addressed this issue in a similar context in <u>United States v. Lung'aho</u>, 72 F.4th 845, 849-50 (8th Cir. 2023). There, the Court found that, in an arson case, extreme recklessness was insufficient to support a finding of a "crime of violence," because there was insufficient proof showing "targeting" against someone, as required by the <u>Borden</u> plurality opinion. <u>Borden</u>, <u>supra</u> 141 S.Ct. at 1823-34, 1826-27. The Court held that even a state of mind higher than mere recklessness, i.e. maliciousness, (i.e. the same as extreme recklessness), involving the willful disregard of a <u>likelihood</u> of harm, was insufficient to constitute a crime of violence. The Court reasoned that the differences between the three *mens rea* of (mere) recklessness, malice, (i.e. extreme recklessness), and knowledge, (i.e. intent), come down to a sliding scale of

probabilities, with each requiring more risk and culpability than the last.
Lung'aho, supra, at 849-50. Mere recklessness involves "consciously disregarding
a substantial and unjustified risk." Lung'aho, supra, at 849-50. Extreme
recklessness involves a "willful disregard of a likelihood" or a high risk of harm;
whereas, intentional or purposeful acts mean disregard of a "practical certainty" of
harm. Lung'aho, supra, at 849-50. As for the crime of arson, the Court in
Lung'aho reasoned that both mere recklessness and even malice, (i.e extreme
recklessness), would not be sufficient to show "targeting" against someone, as
required by the plurality opinion in Borden, in order to constitute a crime of
violence. "Even consciously disregarding a high risk of harm, [i.e. malice or
extreme recklessness], does not *necessarily* involve targeting." Lung'aho, Id. at
849-50; Borden, supra 141 S.Ct. at 1823-34, 1826-27.

Harbuck urges the Court to follow the Lung'aho rationale in this case. The
same logic applies here, too. Arguably, in committing the AWIK offense, Harbuck,
while consciously disregarding a risk of harm, was focused on escape, rather than
on targeting any particular officer. Moreover, in this case, this Court cannot
resolve this issue about whether or not targeting occurred, because the government
failed to meet its burden of producing adequate Shepard documents. (Doc 57 – Pg
13-15) It would be too simplistic for the government to suggest now, for the first
time, that targeting automatically occurred simply because the charging documents

21

indicate Harbuck fired a gun at officers during the chase. Logically, targeting did

not necessarily occur. For instance, production of the plea colloquy would

presumably have revealed any degree of intoxication, or whether two gun shots or

twenty-two gun shots were fired, or whether the officers were ten meters or ten

miles away. Targeting is not proven. Because the government failed to meet its

burden of proof, resolution of this issue about targeting is impossible. Shepard,

supra, 544 U.S. at 16; Lung'aho, supra, at 849-50.

Harbuck acknowledges that, since Borden, in other different contexts,

various other circuits have recently found that "extreme recklessness" can

constitute a violent felony. However, these cases are all either distinguishable or

should not be followed. See e.g. United States v. Begay, 33 F.4th 1081, 1093-95

(9th Cir. 2022) (en banc) (Ninth Circuit found that depraved-heart murder is a

crime of violence even though it "does not require . . . that a defendant target his

conduct at any particular individual"); United States v. Manley, 52 F.4th 143, 150-

51 (4th Cir. 2022) (Fourth Circuit held that the elements of both VICAR assault

and VICAR murder include a *mens rea* more culpable than mere recklessness and

that the *mens rea* of both VICAR crimes satisfies the *mens rea* element of a "crime

of violence" in § 924(c); United States v. Kepler, 74 F.4th 1292, 1302-09 (10th Cir.

2023) (Tenth Circuit found federal depraved-heart murder is categorically a crime

of violence under 18 U.S.C. § 924(c) -- a statute with an elements clause almost

identical to the ACCA); Janis v. United States, 73 F.4th 628, 632-35 (8th Cir. 2023)

(Eighth Circuit found that federal depraved-heart murder's "extreme recklessness"

standard "is close to knowledge and far from ordinary recklessness," and

"necessarily denotes the oppositional conduct" under § 924(c)); United States v.

Jamison, 22-1840 (6th Cir. Oct 26, 2023) (Sixth Circuit also found second-degree

murder is a violent felony).   But again, the South Carolina common law AWIK

offense is different.  It covers a broader range of conduct -- including reckless

driving -- than most of these cases and does not necessarily involve targeting.  The

South Carolina Supreme Court has maintained that reckless driving and "[m]urder

arising out of the operating of a motor vehicle is a crime in this state." See Webb,

supra at 664; Mouzon, supra; Reid, supra.  Harbuck therefore urges this Court to

follow Lung'aho's rationale and find that the AWIK offense "does not necessarily

involve targeting," or that the government failed to prove it.  Lung'aho, supra, 72

F.4th at 849-50.

Moreover, Harbuck submits that the government has waived any right to

raise this argument – that the AWIK offense includes "extreme recklessness and

targeting -- for the first time on appeal.  See e.g. United States v. Gonzalez, 550

F.3d 1319 (11th Cir. 2008); Jamison, supra, (defendant forfeited issues raised on

appeal that he failed to develop "in any meaningful way.").  As previously

indicated, at sentencing in this case, the government argued essentially that all

AWIK cases involve intentional conduct. (Doc 57 – Pg 13-15). Finally, Harbuck also again maintains that the government should not prevail because it failed to meet its burden of proof at sentencing by producing sufficient <u>Shepard</u> documents to define the nature of this offense, including the resolution of any questions about recklessness and targeting. <u>See</u> <u>McCloud</u>, supra, 818 F.3d at 591.

Accordingly, Harbuck moves this Court to reverse and remand for resentencing without the armed career criminal enhancement.

## II. THE DISTRICT COURT ALSO ERRED BY FINDING THE DEFENDANT'S PRIOR SOUTH CAROLINA CONVICTION TO BE A "VIOLENT FELONY" BECAUSE SOUTH CAROLINA AUTHORITIES HAD DETERMINED THE OFFENSE TO BE BOTH "NON-VIOLENT" AND A "MISDEMEANOR"

Harbuck submits that the District Court also erred by finding that his AWIK conviction was a "violent felony" because, according to South Carolina authorities, it was neither "violent" nor a "felony." This Court generally looks to state authorities to decide whether an offense is a "violent felony." <u>See</u> <u>e.g.</u> <u>Johnson v. United States</u>, 130 S.Ct. 1265, 1269 (2020) ("federal courts are bound by the state supreme court's interpretation of state law"). In this case, the South Carolina Supreme Court has held that, even though this common law AWIK offense was punishable by up to ten years in prison, it was nonetheless a misdemeanor. <u>State v. Mims</u>, 286 S.C. 553, 335 S.E.2d 237 (1985).

24

The sentencing documents also support the conclusion that this was not a violent offense. On the face of each of the four sentencing documents for the four AWIK charges, the South Carolina sentencing court checked (or approved) that the charge was a "non-violent" offense. (Doc 44) At sentencing, the government speculated that a clerk may have filled out the documents, but this speculation was without any support in the record. (Doc 57 – Pg 13) In addition, Harbuck argued in the court below that this common law assault offense was not included in a statutory list of offenses deemed to be "violent crimes" by the South Carolina legislature. SC Stat. 16-1-60 (2008), (Doc 37, Attachment No. 1, Objections to PSR).

In response to Harbuck's reliance in part on this legislative list, at sentencing, the government suggested that the South Carolina Legislature's list of "violent crimes" was not enacted or did not exist until around 2010, i.e., after Harbuck's sentencing in 2008. (Doc 57 – Pg 15) However, the government was mistaken. As Harbuck argued at sentencing, the legislative list was in effect – at least as early as 2000 and it was certainly in existence in 2008, when Harbuck's South Carolina conviction occurred. (Doc 57 – Pg 3). See SC STAT Sections 16-1-60; 16-1-70: https://www.scstatehouse.gov?Archives/CodeofLaws2000/title16.php; https://www.scstatehouse.gov/Archives/CodeofLaws2008/title16.php). Section 16-1-70 provided that "[f]or purposes of definition under South Carolina law a

nonviolent crime is all offenses not specifically enumerated in Section 16-1-60."

The AWIK offense was not included in Section 16-1-60. Id.

In fairness, it is unclear whether the government's (innocent) error was at all a difference maker in the district court's decision on this issue. However, the district judge did opine at sentencing that this issue was a "close call." (Doc 57 – Pg 21) Moreover, the error arguably detracted from Harbuck's primary argument on this issue that both the South Carolina Supreme Court *and* the South Carolina Legislature, along with the South Carolina sentencing judge, had all determined that the assault offense was either non-violent or a misdemeanor. In any event, both because the evidence does not support it, and because arguably the district court relied, in part, upon mistaken information, Harbuck maintains that the district court erred by concluding that his South Carolina AWIK conviction was a prior "violent felony" for ACCA purposes.

### III. THE SECTION 924(e) "ELEMENTS CLAUSE" IS UNCONSTITUTIONALLY VOID FOR VAGUENESS AS APPLIED TO THIS CASE BECAUSE THE DEFENDANT WAS NOT PUT ON NOTICE THAT A PRIOR NON-VIOLENT MISDEMEANOR WOULD LATER BE CONSTRUED TO BE A "VIOLENT FELONY"

As a related argument, Harbuck also maintains that imposing an enhanced sentence under the §924(e) elements clause also violates due process because, as applied in this case, the clause is unconstitutionally vague. See Johnson v. United States, 576 U.S. 591, 595 (2015). This Court employs a *de novo* standard of

26

review for challenges to the constitutionality of a statute.  See United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010).

In Johnson, supra, 576 U.S. at 595, the Supreme Court held the §924(e) residual clause violated due process because it is so vague that it fails to give ordinary people fair notice of the conduct it punishes, and it is so standardless that it invites arbitrary enforcement.  See United States v. Harris, No. 17-1861 (3d Cir. Dec. 14, 2023) (lack of standards and flaws inherent in the "categorical approach" delineated).  The Supreme Court observed that the prohibition of vagueness in criminal statutes "is a well-recognized requirement, consonant...with ordinary notions of fair play and the settled rules of law."  Johnson, Id., 576 U.S. at 595-96, (quoting Connally v. General Constr. Co, 269 U.S. 385, 391 (1926).  Fair notice allows "the ordinary citizen to conform his or her conduct to the law." City of Chicago v. Morales, , 527 U.S. 41, 58, 119 S.Ct. 1849, (1999). It also ensures uniformity of enforcement by police and courts. See Giaccio v. Pennsylvania , 382 U.S. 399, 403, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966); United States v. Jackson, 36 F.4th 1294 (11th Cir. 2022).

Harbuck maintains that applying the §924(e) elements clause in this case has the same constitutional infirmities as with the residual clause in Johnson, supra.  In short, by pleading guilty to the AWIK offense, Harbuck was not given fair notice of what the law forbids and, in this case, it has resulted in standardless

27

enforcement.  More particularly, in this case, it violates due process to utilize a conviction of a non-violent misdemeanor, under the laws of South Carolina, to enhance his sentence as a "violent felony" under §924(e).

The government suggested in the court below that it does not matter that South Carolina considered this offense to be a misdemeanor, because, according to the government, federally, and under the ACCA, any offense punishable by more than one year can be considered to be a felony. (Doc 57- Pg 15) However, although technically accurate, this misses the point.  The point is that, in 2008, the law did not sufficiently <u>inform</u> Harbuck of the fact that a misdemeanor conviction might later be used against him in this manner.  Harbuck maintains that, in 2008, in South Carolina, when he pled guilty, he was put on notice only that his conviction was a misdemeanor and that it was non-violent, according to the laws and courts of that State, including the sentencing judge.  Due process requires more.

## CONCLUSION

WHEREFORE, based upon the foregoing reasons and authorities cited, and the record, the judgment of conviction and sentence should be reversed and this case remanded for resentencing without the armed career criminal enhancement.

Respectfully submitted this <u>29th</u> day of February, 2024.

<u>/s/ Richard H. Goolsby</u>
RICHARD H. GOOLSBY
Attorney for Todd Harbuck
Georgia Bar No. 301925

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of February, 2024, a copy of the foregoing Brief of the Appellant was mailed to the Appellee's counsel with adequate postage affixed thereto as follows:

Mr. James C. Stuchell, Esq.

Assistant United States Attorney

United States Attorney's Office

P.O. Box 8970

Savannah, GA 31412

and that, pursuant to 11th Cir. R. 31-5(c), this brief was electronically uploaded to the Eleventh Circuit Court of Appeals' website, www.ca11.uscourts.gov, on this date at 11 a.m.

This 29th day of February, 2024.

/s/ Richard H. Goolsby
RICHARD H. GOOLSBY
Attorney for Todd Harbuck
Georgia Bar No. 301925
The Goolsby Law Firm, LLC
233 Davis Road, Suite C
Augusta, Georgia 30907
(706) 863-5281
Fax: (706) 863-5284
rgoolsby@goolsbylawfirm.com